IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMELL EASON,

        Petitioner,               No. CIV S-08-0150 LKK GGH P

     vs.

JAMES TILTON, Warden,

                              ORDER &
        Respondent.

                              FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, an inmate in a federal facility, has filed a petition challenging a state sentence, pursuant to 28 U.S.C. § 2254.[1] In his amended petition, petitioner, who pled guilty, on 7/24/03, challenges the imposition of an 11-year sentence imposed in Placer County Superior Court for a count of possession of cocaine base for sale, under Cal. Health & Safety Code § 11351.5 (five years), with sentence enhancements for two prior felony convictions, under Cal.

---

[1] Petitioner avers that although he is in federal custody, he is currently serving a state sentence. Respondent asks that, pursuant to Fed. R. Civ. P. 25(d), the court substitute James Tilton as respondent in place of the Attorney General for the State of California, which request the court hereby grants.

1  Health & Safety Code § 11370.2(a) (three years each, six total).  Amended Petition, p. 12;[2]

2  respondent's Lodged Document 1.

3  <u>Motion to Dismiss</u>

4           Pending before the court is respondent's motion to dismiss the petition on grounds

5  of failure to exhaust one claim and failure to file the petition timely.  The court will first

6  determine whether or not the petition has been timely filed under AEDPA before considering any

7  question of a lack of exhaustion.  Petitioner filed a putative motion to strike in response to the

8  motion which this court will construe as petitioner's opposition thereto.

9           The statute of limitations for federal habeas corpus petitions is set forth in 28

10  U.S.C. § 2244(d)(1):

11          A 1-year period of limitation shall apply to an application for a writ
            of habeas corpus by a person in custody pursuant to the judgment
12          of a State court.  The limitation period shall run from the latest of–

13          (A) the date on which the judgment became final by the conclusion
            of direct review or the expiration of the time for seeking such
14          review;

15          (B) the date on which the impediment to filing an application
            created by State action in violation of the Constitution or laws of
16          the United States is removed, if the applicant was prevented from
            filing by such State action;
17
            (C) the date on which the constitutional right asserted was initially
18          recognized by the Supreme Court, if the right has been newly
            recognized by the Supreme Court and made retroactively
19          applicable to cases on collateral review; or

20          (D) the date on which the factual predicate of the claim or claims
            presented could have been discovered through the exercise of due
21          diligence.

22           As noted, petitioner pled guilty to possession of cocaine base for sale and

23  admitted two prior felony convictions on 7/24/03.  Lodged Document (Lod. Doc.) 1.  Since

24  petitioner did not appeal, his conviction became final 60 days later, on 9/22/03.  <u>See</u> Cal. R. Ct.

25

26          [2] The court references its own electronic pagination.

2

1    8.308(a) (formerly Cal. R. Ct. 30.1).  Unless one of the infrequently used trigger dates for the

2    commencement of the limitations date is applicable, petitioner had one year to file a timely

3    federal petition, or until 9/22/04.

4            28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed

5    application for state post-conviction or other collateral review with respect to the pertinent

6    judgment or claim is pending shall not be counted toward any period of limitation under this

7    section.  However, as respondent notes (Motion, p. 5), the filing of a state collateral action

8    following expiration AEDPA limitations period cannot revive the limitations period or toll it

9    under § 2254(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jiminez v.

10   Rice, 276 F.3d 478, 482 (9th Cir.2001).

11           This court applies the mailbox rule[3] in dating the filing of the two pro se state

12   post-conviction habeas challenges. The first state court petition was filed in Placer County

13   Superior Court on 4/12/07, and denied on 4/25/07.  Lod. Docs. 2 & 3.  Petitioner made three

14   efforts to appeal the state superior court's petition denial in the state's Third District Court of

15   Appeal, which were dismissed as being from a non-appealable order, on 6/07/07, 7/05/07 and

16   8/23/07, respectively.  Lod. Docs. 6, 7, and 8.  Petitioner filed a petition for review of a habeas

17   petition in the California Supreme Court on 9/30/07, which was denied on 11/14/07.  Lod. Docs.

18   4 & 5.  Although this matter proceeds upon an amended petition, the court dates the filing of this

19   matter from the filing date of the original petition, pursuant to the mailbox rule, rendering it filed

20   as of 1/10/08 (notwithstanding the court docket filing dated 1/22/08).  Because no state

21   proceedings were initiated prior to the expiration of the statute of limitations, no statutory tolling

22   is possible.

23

24   [3] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988), pro se
     prisoner filing is dated from the date prisoner delivers it to prison authorities. Stillman v. Lamarque,
     319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas
25   petition to prison officials for the court within limitations period).  See also, Rule 3(d) of the federal
     Rules Governing Section 2254 Cases.
26

1          Petitioner's unavailing argument in opposition rests on his misguided belief that

2     the AEDPA statute does not begin to run until all state court remedies have been exhausted,

3     contending that, therefore, the one-year period began to run only as of 11/14/07.  Opposition, p.

4     2.  Petitioner then attempts to fault respondent for not reaching the merits.  Petitioner simply has

5     no cogent argument in opposition to the motion upon which the court could make a finding of

6     timeliness under the applicable statute.  The original petition, filed in this court on 1/10/08, was

7     filed nearly three and one-half years beyond the statute of limitations, which expired on 9/22/04.

8          The court next considers whether petitioner is entitled to equitable tolling.  A

9     habeas petitioner bears the burden of proving that equitable tolling should apply to avoid

10    dismissal of an untimely petition.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  The

11    one year statute of limitations for filing a habeas petition may be equitably tolled "only if

12    *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on

13    time."  Id., at 1066 (internal quotation omitted [emphasis added in Miranda]).  The prisoner must

14    show that the "extraordinary circumstances" were the cause of his untimeliness.  Stillman v.

15    LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003).  "'When external forces, rather than a

16    petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may

17    be appropriate.'"  Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty,

18    187 F.3d 1104, 1107 (9th Cir. 1999).

19         In his opposition, petitioner does not even contend that any external force

20    prevented him from filing his petition timely, particularly since he appears to believe, mistakenly,

21    that he has filed his petition timely.   However, petitioner's own misconception as to the

22    appropriate commencement period for the running of the applicable statute does not entitled him

23    to equitable tolling.  Ignorance of the law does not constitute the requisite extraordinary

24    circumstances.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)("We now join our sister

25    circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an

26    extraordinary circumstance warranting equitable tolling") citing "Allen v. Yukins, 366 F.3d 396,

4

403 (6th Cir.2004) ('[T]his court has repeatedly held that ignorance of the law alone is not

sufficient to warrant equitable tolling' []; United States v. Sosa, 364 F.3d 507, 512 (4th

Cir.2004) ('[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis

for equitable tolling'); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000) ('[I]t is well

established that ignorance of the law, even for an incarcerated pro se petitioner, generally does

not excuse prompt filing' []; Felder v. Johnson, 204 F.3d 168, 171-72 n. 10 (5th Cir.2000) ('Our

conclusion that Felder's unawareness of AEDPA's requirements is insufficient to warrant tolling

is also consistent with the determinations of other courts that have faced similar claims')."  The

court will recommend that respondent's motion to dismiss the amended petition on grounds of

untimeliness be granted and therefore will not reach the contention that one of petitioner's claims

is unexhausted.

    Accordingly, IT IS ORDERED that:

    1.  The Clerk substitute James Tilton, Warden, as the named respondent in the

docket of this action in place of the Attorney General for the State of California;

    2.  Petitioner's "motion to strike," filed on 5/30/08 (# 10), is construed as his

opposition to respondent's motion to dismiss; to the extent that it is a separate motion, it is

denied.

    IT IS HEREBY RECOMMENDED that respondent's motion to dismiss, filed on

5/15/08 (# 8), be granted and the petition be dismissed as barred by the one-year AEDPA statute

of limitations.

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

1    　　　　These findings and recommendations are submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3    days after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6    shall be served and filed within ten days after service of the objections.  The parties are advised

7    that failure to file objections within the specified time may waive the right to appeal the District

8    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9    DATED: January 5, 2009

                                                        /s/ Gregory G. Hollows
10
                                                        _____
                                                        UNITED STATES MAGISTRATE JUDGE
11

     GGH:009
12   easo0150.mtd

13

14

15

16

17

18

19

20

21

22

23

24

25

26